**HORNING, ESTATE OF, In Re**

Ohio Appeals, 2nd Dist., Shelby Co.

No. 122. Decided Jan. 27, 1942.

W. J. Emmons, Sidney, for appellants.

Taft, Stettinius & Hollister, Cincinnati, and Meyers, Mills & Kelly, Dayton, for appellee.

### OPINION

BY THE COURT:

The above-entitled cause is now being determined on motion to dismiss the petition herein for the reason that the appeal has not been perfected as required by law and that this court is without jurisdiction to hear and determine the issues in this cause.

We are not sure from plaintiff's petition whether or not they are intending to file an original action in our Court or an ancillary proceeding in support of an appeal.

We have no difficulty in determining that under either we have no jurisdiction to entertain the petition.

Under §6 of Art. IV of the Constitution of Ohio as amended in 1912, the jurisdiction of Courts of Appeals in this state is expressly prescribed.

It has original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases and to review, affirm, modify, or reverse the judgment of the Court of Common Pleas, Superior Courts and other courts of record within the district as may be provided by law.

The nearest that the petition in the instant case could come to an original action would be mandamus, but it lacks

so many of the essentials of an original action that we can not so consider it.

In order to come within the classification of an action in mandamus it would be necessary for the Judge of the Probate Court to be a party defendant; and proper allegations that the court had refused to prepare and file the notice of appeal, transcript of docket and journal entries, etc., after relator had filed precipe and paid the lawful fees for such service.

The prayer of the petition is similar in substance to what would be found in an action in mandamus.

Of course, it is a well recognized rule of practice that the ▮▮▮▮ prayer is no part of the pleading.

The action is not one in mandamus. Undoubtedly it is intended as an ancillary proceeding, but we ▮▮▮▮ have no jurisdiction to recognize a case as being in our Court until the notice of appeal is filed therein.

This is directly provided by our Rule XV, found in the front page of Volume 52, Ohio Appellate Reports. This rule was adopted by the Courts of Appeals sitting in joint session in Columbus, Ohio, on September 15, 1936. Its enactment was occasioned by a prevailing practice in some courts of the state to file a notice of appeal and do nothing further. Adverse counsel would appeal to the Court of Appeals for a dismissal of the appeal and would be met with the obvious situation that no such case was pending in the Appellate Court. Rule XV, above referred to, would enable the complaining counsel to file an authenticated copy of the notice of appeal and thereby bring the case upon the docket of the Courts of Appeals for some action.

There is no question that when a notice of appeal is filed in our court jurisdiction of the cause is obtained thereby and we can, on proper application, make orders to amend the notice of appeal or direct the filing of necessary papers for a complete determination of the question involved.

The allegation in the petition that, through inadvertence the notice of appeal and transcript of ▮▮▮▮ docket and journal entries were filed in the Common Pleas Court instead of the Court of Appeals does not present a situation through which this court can order the filing of the notice of appeal with the Clerk of our Court. These are matters within the control of the appellant and it is always up to him to take the necessary steps through which the appeal is filed in the proper court. It is only when officials refuse to perform a prescribed duty that this court may issue a mandatory order upon the proper filing of an action in mandamus.

Holding as we do that we have no jurisdiction to make any order in the premises, the petition is dismissed.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.