428 P.2d 13

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Vernon Eugene BRINKLEY and Floyd Wayne Pearce, Defendants-Appellants.**

**No. 8271.**

Supreme Court of New Mexico.

May 29, 1967.

Eugene E. Brockman, Tucumcari, for appellants.

Boston E. Witt, Atty. Gen., Roy G. Hill, Myles E. Flint, Asst. Attys. Gen., Santa Fe, for appellee.

OPINION

COMPTON, Justice.

This is an appeal from an order denying the appellants' motions filed pursuant to § 21-1-1(93), N.M.S.A.1953, being Rule 93, our Rules of Civil Procedure, to set aside

sentences imposed upon them. Error is claimed because the court did not require their presence at the hearing on the motions. It is first contended that subsection (c) of Rule 93 contravenes Art. 2, § 14 of the New Mexico Constitution. Subsection (c) of Rule 93 provides:

"* * * A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

The constitutional provision in question provides:

"In all criminal prosecutions, the accused shall have the right to appear and defend himself in person, and by counsel; * * *."

■ Appellants argue that a motion to set aside a sentence is a continuation of a criminal prosecution. The contention and argument are without merit. A motion pursuant to Rule 93 is a civil proceeding, not criminal, and is governed by the Rules of Civil Procedure. State v. Weddle, 77 N.M. 420, 423 P.2d 611. Further, the Due Process Clause of the Fourteenth Amendment does not require a judge to have a convicted person present for the hearing on the motion. Whether the trial court should have required the presence of the appellants at the hearing was a matter resting in its sound discretion, and we fail to see any abuse of discretion in this record. See Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; and Luse v. United States, 326 F.2d 338 (10th Cir. 1964).

■ Appellants assert twelve additional points relied on for reversal. The majority of these points appear frivolous in nature and have not been argued on appeal. The transcript reflects that the trial court conscientiously considered these points in making its findings which amply dispose of all such questions. The court found that the appellants had a preliminary hearing; that neither the state nor the appellants requested the testimony at the preliminary hearing be reduced to writing; that upon arraignment in district court, the trial court appointed an attorney to represent the appellants; that the appellants appeared later in person and with counsel and were permitted to withdraw their pleas of not guilty theretofore entered and to enter pleas of guilty; that any delay in the arraignment was for the benefit of the appellants. However, we do not have a record before us which permits a review of the facts found by the trial court, and accordingly are unable to make any determination in connection therewith. See State v. Franklin, 78 N.M. 127, 428 P.2d 982, filed June 30, 1967.

■ It should be noticed here that the appellee has moved to dismiss the appeal of the appellant Brinkley because notice of appeal was not taken within 30 days from the entry of the order denying his motion as required by § 21–2–1(5), N.M.S.A.1953, (1965 Pocket Supp.). The orders denying the appellants' motions were entered on June 21, 1966. Appellant Brinkley filed his notice of appeal on July 22, 1966. Computation of the time is provided by § 21–1–1(6) (a), N.M.S.A.1953, Rule (6) (a), our Rules of Civil Procedure. Obviously, the notice of appeal was filed on the thirty-first day after the final order. This court, therefore, is without jurisdiction to hear appellant Brinkley's appeal. See Associates Discount Corporation v. DeVilliers, 74 N.M. 528, 395 P.2d 453. The facts and issues in both Pearce and Brinkley's appeal are identical, and though we do not decide Brinkley's case on the merits, his rights have in no way been prejudiced by the untimely filing of his notice of appeal.

It follows that the judgment as to Floyd Wayne Pearce should be affirmed, and that the appeal of Vernon Eugene Brinkley should be dismissed.

It is so ordered.

MOISE, J., and HENSLEY, Jr., C. J., Court of Appeals, concur.