(588 P.2d 477)

No. 49,509

CITY OF BONNER SPRINGS, KANSAS, *Appellee,* v. BILL CLARK and
SANDY CLARK, *Appellants.*

Opinion filed December 22, 1978.

*J. R. Russell,* of Kansas City, for the appellants.

*Thomas E. Osborn,* of Kansas City, for the appellee.

Before FOTH, C.J., REES and SWINEHART, JJ.

FOTH, C.J.: The issue in this case is whether an appeal from a conviction in municipal court may be taken by filing a notice of appeal in district court rather than in the municipal court as prescribed by statute.

On April 27, 1977, the appellants Bill and Sandy Clark were convicted in municipal court of violating ordinances of the City of Bonner Springs and were fined a total of $150.00. They sought to appeal and secure a stay of the judgment as authorized by K.S.A. 12-4601, part of the 1973 code of procedure for municipal courts. The procedure to be followed is designated by K.S.A. 12-4602:

"An appeal to the district court may be taken as provided in K.S.A. 1975 Supp. 22-3609. The appearance bond may continue in effect throughout the appeal; however, the municipal judge may require a separate appeal bond. Hearing and judgment on appeal shall be as provided in K.S.A. 22-3610 and 22-3611."

When the appellants announced in municipal court that they intended to appeal, that court fixed an appeal bond in the amount of either $100 or $135, apparently in cash. (The municipal court record is not before us because, for reasons to become apparent, it was never certified to the district court.)

Not satisfied with that order, on May 4, appellants prevailed on a judge of the Wyandotte County District Court to grant an *ex parte* order approving a personal recognizance bond. The same day they filed a notice of appeal with the clerk of the district court, and delivered a copy to the city attorney. No notice was ever filed with the municipal court.

In due course the city moved to dismiss the appeal for lack of jurisdiction. The motion was sustained, and this appeal from the dismissal was duly taken to this court.

The procedural statute referred to in K.S.A. 12-4602, quoted above, is K.S.A. 1977 Supp. 22-3609:

"**Appeals from municipal courts.** (1) The defendant shall have the right to appeal to the district court of the county from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas or which imposes a sentence of fine or confinement or both. Such appeal shall be assigned by the administrative judge to a district judge or associate district judge. The appeal shall stay all further proceedings upon the judgment appealed from.

"(2) An appeal to the district court shall be taken *by filing a notice of appeal in the court where the judgment appealed from was rendered.* No appeal shall be taken more than ten (10) days after the date of the judgment appealed from.

"(3) The judge whose judgment is appealed from, or the clerk of such court, if there be one shall certify the complaint, warrant and any appearance bond to the district court of the county on or before the next court day of such district court occurring more than ten (10) days after the appeal.

"(4) No advance payment of docket fee shall be required when the appeal is taken.

"(5) Hearing on the appeal shall be to the court unless a jury trial is requested in writing by the defendant." (Emphasis added.)

As may be seen, subsection (2) requires a written notice of appeal to be filed in municipal court. That is the filing which triggers that court's action in certifying the record to the district court. The statute is clear and unambiguous, and appears to provide a straightforward and logical method for perfecting an appeal.

Our Supreme Court has had occasion to consider the statute in *City of Overland Park v. Nikias,* 209 Kan. 643, 498 P.2d 56 (1972). The municipal court statute there under consideration was former K.S.A. 13-611, relating to cities of the first class. It made no reference to a notice of appeal, but did require a recognizance bond. The appellants there posted the required bond, and the record was duly certified to the district court. The appeals were dismissed by the district court, and the Supreme Court affirmed. It was observed that prior to the 1970 enactment of 22-3609 no notice of appeal was required, but that since its effective date the filing of a written notice of appeal in municipal court has been a jurisdictional requirement. The actual holding was:

"In an appeal from orders of the district court dismissing two attempted criminal appeals from the Municipal Court of Overland Park, Kansas, the record is examined and it is *held* both attempted appeals were properly dismissed since written notices of appeal were not filed in the municipal court as required by K.S.A. 1970 Supp. 22-3609 (2)." 209 Kan. at 643, Syl. ¶ 4.

The court in that case also cited some of the many cases holding that statutory provisions governing the filing of a notice of appeal are jurisdictional, and that the only procedural irregularities which may be waived by a court are those occurring after jurisdiction has attached. The fact that an appellee has notice of an appellant's intention to appeal is irrelevant where statutory jurisdictional requirements are not met. *McGuire v. McGuire,* 190 Kan. 524, 529, 376 P.2d 908 (1962); *Nicolay v. Parker,* 185 Kan. 481, 345 P.2d 1013 (1959); and cases cited in each. Here, the filing of the notice of appeal in the proper court is the statutory jurisdictional requirement which was not met.

In our view *Nikias* is controlling, and the district court properly found it had no jurisdiction. Affirmed.