[No. 47513-0.   En Banc.   January 15, 1982.]

DAROLD L. WEEKS, ET AL, *Respondents,* v. CHIEF OF THE WASHINGTON STATE PATROL, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Kevin M. Ryan, Assistant,* for appellant.

*Daniel F. Sullivan, James L. Holman,* and *Donovan Flora,* for respondents.

DOLLIVER, J.—Plaintiffs, members of the Washington State Patrol, were required to work 9–hour duty days, 5 days a week (unless assigned to the graveyard shift where the duty day was 8 hours). The 9 hours included a 1–hour lunch break during which the plaintiffs were free to go anywhere within the area of their beat (including home) but were to remain on call. If actually called out during this time, departmental policy was to give time and a half off for the time spent on the call out.

In March 1979, the plaintiffs brought this class action suit contending that the 1–hour lunch period constituted compensable time and that the defendants owed them either overtime compensation or regular time for these

additional hours. Defendants countered that the lunch hour was not compensable as it did not constitute work or in the alternative that, even though it was work, it had been compensated for in the plaintiffs' monthly salaries.

The trial court granted a partial summary judgment to plaintiffs. It concluded the plaintiffs were working during the 1–hour lunch period and should receive an additional hour's pay for each 9–hour work shift they worked, less any compensatory time received for lunch work. The court ordered a further accounting by defendants of the compensation required by its order and granted attorney's fees. The amounts of the compensation and attorney's fees were to be determined at a later hearing. The class action was certified for all state troopers who had 9–hour tours of duty from March 7, 1976, through December 27, 1979.

Defendants appeal from the partial summary judgment. Plaintiffs cross–appeal claiming the trial court erred (1) in finding they were entitled only to straight time compensation for the lunch period rather than time and one–half compensation for those hours; and (2) in refusing to find plaintiffs were entitled to liquidated damages in addition to compensation for their overtime work.

Several issues are presented to the court. The first is a procedural question relating to the granting by the Court of Appeals of the defendants' motion for an extension of time to file the appeal. The other issues are substantive and revolve around the definition of work, the applicable law (federal or state), and the means of compensation.

As to the procedural question, the plaintiffs contend the Court of Appeals erred in granting the defendants' motion for extension of time to file their notice of appeal. It is not argued that the defendants failed to file within 30 days after the entry of the decision of the trial court (RAP 5.2(a)), or that the plaintiffs did not have notice. Rather, the error claimed is that the notice had been filed with the Court of Appeals instead of with the trial court. RAP 5.2(a). The present rules were designed to allow some flexibility in order to avoid harsh results. *See* Comment, RAP

18.8. It has been "apparent that the trend of the law in this state is to interpret rules and statutes to reach the substance of matters so that it prevails over form." *First Fed. Sav. & Loan Ass'n v. Ekanger,* 22 Wn. App. 938, 944, 593 P.2d 170 (1979). In its order authorizing the filing of the notice of appeal, the Court of Appeals stated:

> It . . . appears that though the notice was misdirected, an effort was made at timely compliance with the Rule [RAP 5.1(a)]. In order that the merits of this controversy might be resolved, we find that the ends of justice would be served by allowing the filing of a Notice of Appeal in this matter.

The Commissioner of the Supreme Court in an action concurred in by this court denied plaintiff's motion for discretionary review. *See* RAP 13.5(b). We continue to hold this view. In this instance substance should prevail over form. Plaintiffs had notice. Applying strict form would defeat the purpose of the rules to "promote justice and facilitate the decision of cases on the merits." RAP 1.2(a).

Of the remaining issues, the first to be considered is the applicability of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–219 (1976). In 1974, Congress, in an attempt to extend FLSA coverage to almost all employees of the states and their political subdivisions, amended the act. The amendment displaced the ability of the states to structure employee–employer relationships in traditional areas, such as fire prevention, police protection, and sanitation. The Supreme Court in *National League of Cities v. Usery,* 426 U.S. 833, 49 L. Ed. 2d 245, 96 S. Ct. 2465 (1976), held this to be a violation of the Tenth Amendment and an impermissible encroachment on the states. This decision relieved the states from the requirements of the FLSA as it attempted to regulate these traditional areas.

Plaintiffs refer us to RCW 49.46.130 (Laws of 1975, 1st Ex. Sess., ch. 289, § 3, p. 1242), which covers the minimum rate of compensation for employment in excess of a 40-hour week.

*Provided further,* That in any industry in which federal

law provides for an overtime payment based on a work week other than forty hours then provisions of this section shall not apply; however the provisions of the federal law regarding overtime payment based on a work week other than forty hours shall nevertheless apply to employees covered by this section without regard to the existence of actual federal jurisdiction over the industrial activity of the particular employer within this state . . .

█ The proviso in RCW 49.46.130, however, refers only to federal law regarding overtime payment. Thus, only the overtime provisions of federal statutes are applicable. Other provisions do not apply (*National League of Cities v. Usery, supra; see* RCW 49.46.120), and the 1975 proviso does not apply to federal statutes, rules and regulations adopted after the proviso. *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 501 P.2d 290 (1972). Except for the FLSA provisions on overtime, the Washington State Patrol is subject to state law alone. While we are free to use federal cases which interpret FLSA provisions similar to our own, we are not bound by them.

█ The next question is whether the lunch hour should be considered work. We answer in the affirmative. In *Lindell v. General Elec. Co.,* 44 Wn.2d 386, 267 P.2d 709 (1954), a case under the FLSA involving patrolmen at the Hanford nuclear plant, the patrolmen sought wages for their lunch hour. There we held that the lunch hour was "work", stating:

[T]hese patrolmen were not free agents and under no restrictions whatsoever. They were under the domination and control of their superiors and were subject to be called out on a moment's notice.

*Lindell,* at 394. *See also Armour & Co. v. Wantock,* 323 U.S. 126, 89 L. Ed. 118, 65 S. Ct. 165 (1944) (court held firemen were working while on duty on employer's premises even if they did nothing); 29 C.F.R. §§ 785.16, 785.19 (1981) (requiring that employee be "completely relieved" from duty for hours to be uncompensable).

Although these decisions are based on federal law, they also represent the intent of our law. *See* WAC 296-126-

002(8):

> "Hours worked" shall be considered to mean all hours during which the employee is authorized or required by the employer to be on duty . . . at a prescribed work place.

And WAC 296–126–092(1):

> Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty . . . at a prescribed work site in the interest of the employer.

According to the defendants' Standards and Operations Manual:

> Personnel shall report for duty promptly at the appointed time and shall not leave their assigned area until properly relieved or until their assigned tour of duty has been completed.

The affidavit of R. W. Landon, Chief of the Patrol, confirms that plaintiffs were required to be available for duty during their lunch hours. The Standards and Operations Manual further stated that:

> The time and location of the one–hour lunch period may be designated by the Detachment or Division Supervisor. During the one–hour lunch period, officers shall be available for call by radio or telephone.

Even though testimony in affidavits indicated permission is granted for troopers to engage in personal activities outside the work area during the lunch hour, they must remain available by radio or telephone. In light of these requirements, we conclude as a matter of law that the lunch period of the plaintiffs should be considered work and we so hold.

Next, what is the rate of compensation, if any, for this work. One alternative argued by the plaintiff and rejected by the trial court is that they be compensated at the overtime rate of time and a half. This position is not consistent with the applicable statute, 29 U.S.C. § 207(k) (1976):

> No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including secu-

rity personnel in correctional institutions) if—
> (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed 216 hours; or
> (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours bears to 28 days,
>
> compensation at a rate not less than one and one–half times the regular rate at which he is employed.

29 U.S.C. § 207(k) (1976) is the same as RCW 49.46.130(2) except that the state statute has 240 rather than 216 as the aggregate hours. The plaintiffs work a 45–hour week (40 hours plus 5 lunch hours) for 4 weeks (28 days), a total of 180 hours. They are not entitled to the overtime until they reach 216 hours. WAC 356–15–030(1)(e) is in point:

> (1) The following conditions constitute overtime:
>
> . . .
>
> (e) Law enforcement work in excess of 240 hours [216 under FLSA] in a work period of 28 consecutive days (60 hours in a work period of 7 consecutive days or in the case of any work period between 7 and 28 days, a proportionate number of hours in such a work period).

*See Triple "AAA" Co. v. Wirtz,* 378 F.2d 884 (10th Cir.), *cert. denied,* 389 U.S. 959, 19 L. Ed. 2d 364, 88 S. Ct. 338 (1967).

In the alternative which was agreed to by the trial court, plaintiffs claim they should be compensated at least at a straight time rate. Defendants' response is that the plaintiffs were already compensated for the time they worked because it was included in their salaries. Defendants point out the 9–hour shifts had existed for over 20 years and that plaintiffs' salaries were based on their 28–day shift schedule. Those salaries did not change regardless of the shift plaintiffs worked. (The graveyard shift was only 8 hours and troopers were assigned shifts on a 28–day rotation.)

Plaintiffs contend the attempt by defendants to include the 5 lunch hours within the monthly salary is just

an "after–the–fact computation designed to circumvent the act's purposes" and that circumvention has been deemed unacceptable on the federal level. *See Biggs v. Joshua Hendy Corp.,* 183 F.2d 515 (9th Cir. 1950). Under Washington law we would also find that such circumvention would be unacceptable but here there appear to be no "after–the–fact" adjustments. The 9–hour tours had existed for 20 years. The procedure in effect at the time pertinent to this action provided:

> All officers shall be on duty for a nine–hour period each working day, unless otherwise directed. The nine hours shall include a one hour lunch period.

Policy A–16–78, Standards and Operations Manual. RCW 43.43.020 provides the Chief of the Washington State Patrol shall determine the compensation and define the duties of State Patrol officers. Nothing in RCW 49.46 obviates this authority so long as the state minimum wage is adhered to and so long as the Washington State Patrol officers receive overtime pay in accordance with RCW 49.46.130. We concur in the position of defendants that the lunch period was included in the salaries of plaintiffs.

The remaining contention of the plaintiffs is that a Patrol policy existed that awarded them compensatory time off if they worked in excess of 40 hours a week. To support this contention the plaintiffs offer the affidavit of Chief Landon:

> Finally, we believe that the department has no legal obligation to pay overtime wages to a trooper unless his total hours worked exceeds 240 in a 28–day work period. However we do award compensatory time for hours worked in excess of 40 hours per week.

The plaintiffs interpret this to mean that troopers' compensation was intended to cover only 40 hours of work per week and was not intended to cover the extra 5 hours of lunch periods. Thus, they should be entitled to compensation for the lunch periods.

The testimony of Major Elwood Eby of the Washington State Patrol contained in his deposition states what the

policy of the Patrol is and how it works:

Q. If he [a trooper] physically worked his lunch responding to some accident they would give him comp. time for working that ninth hour?

A. Yes, should.

Q. If he doesn't get called out on his lunch hour he wouldn't get comp. time?

A. No.

Q. And that's the present policy?

A. Yes.

. . .

Q. So in essence then he [is] not paid for lunch hour, is that correct?

A. That's correct.

Q. And if he did physically respond he gets compensation at time and a half I take it?

A. Yes.

The record shows the Patrol had a written policy providing for compensatory time and one–half off from work for troopers who had to perform duties outside of their normal shift. Policy P–5–78, Washington State Patrol Manual. There was also an unwritten practice that compensatory time and one–half would be given if troopers "worked" during their lunch hour—*i.e.*, if they were called out. The Patrol policy was to require a 9–hour shift which included 1 hour for lunch. It was for this duty period that the trooper was paid even though as indicated by the statement of Chief Landon the Patrol did not consider the lunch hour as work. That the State Patrol did not consider this hour as work while we hold it to be work is irrelevant. The trooper was paid for a 9–hour duty period and the lunch period, regardless of how it was characterized by State Patrol policy, for 20 years has been included in the 9–hour duty period.

We hold that the lunch time of the plaintiffs must be designated as work but that it was compensated for by the salaries paid. Plaintiffs are entitled to no additional compensation for the lunch period. We do not, however, disturb the practice of giving time and one–half compensatory time if a trooper is called out during the lunch hour. The liqui-

dated damages issue falls as no damages are due plaintiffs. No attorney fees are due as the defendants have not violated RCW 49.46. *See* RCW 49.46.090(1).

Reversed.

BRACHTENBACH, C.J., ROSELLINI, STAFFORD, UTTER, HICKS, WILLIAMS, and DIMMICK, JJ., and COCHRAN, J. Pro Tem., concur.

Reconsideration denied May 20, 1982.