780 P.2d 1163
**Guadalupe J. MARTINEZ,**
**Claimant–Appellant,**

v.

**WOOTEN CONSTRUCTION COMPANY and Mountain States Mutual Casualty Company, Respondents–Appellees.**

**No. 11530.**

Court of Appeals of New Mexico.

Aug. 31, 1989.

G. Greg Valdez, Las Cruces, for claimant-appellant.

Paul Maestas, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for respondents-appellees.

OPINION

DONNELLY, Judge.

Claimant appeals the hearing officer's disposition order in a workers' compensation case that found him only temporarily

totally disabled. The disposition order was filed April 12, 1989. Claimant's notice of appeal was filed pro se with the Workers' Compensation Division (Division) on May 10, within thirty days of the filing of the disposition order. The notice of appeal was not timely filed with this court and the time to obtain an extension of time to file the notice of appeal with the court of appeals has expired. *See* SCRA 1986, 12–201 and 12–601. Due to claimant's failure to file his notice of appeal in this court, respondents filed a motion to dismiss. Our calendar notice proposed to find that this court has jurisdiction over the merits of the appeal and to affirm the hearing officer's order. Claimant has not filed a memorandum in opposition to our calendar notice but respondents have filed a memorandum in response requesting that we dismiss the case for lack of jurisdiction. Not being persuaded by respondents' memorandum, we determine that this court has jurisdiction over the instant appeal and affirm the disposition order.

Respondents rely on the provisions of Rules 12–201(A) and 12–601, which require that the notice of appeal shall be filed within thirty days "with the appellate court clerk." *See* R. 12–601(A). Similarly, NMSA 1978, Section 52–5–8(A) (Repl.Pamp. 1987) provides that in workers' compensation cases a notice of appeal shall be filed with the court of appeals, "within thirty days of mailing of the final order of the hearing officer." Respondents also rely upon *Tzortzis v. County of Los Alamos*, 108 N.M. 418, 773 P.2d 363 (Ct.App.1989), *Chavez–Rey v. Miller*, 99 N.M. 377, 658 P.2d 452 (Ct.App.1982), and *Brazfield v. Mountain States Mut. Casualty Co.*, 93 N.M. 417, 600 P.2d 1207 (Ct.App.1979), which hold that failure to file a notice of appeal within thirty days of the entry of a final order is jurisdictional. These cases, however, focus upon the timeliness of the filing of a notice of appeal, not whether the notice of appeal was filed with the proper court. The notice of appeal in the instant case was filed with the Division within thirty days of the final order sought to be appealed and a copy of the notice was timely served upon respondents.

We hold that the failure to file a copy of the notice of appeal with this court under the circumstances herein did not deprive this court of jurisdiction to review the appeal on the merits. Claimant's failure to file a copy of the notice of appeal with this court, although constituting a technical violation of SCRA 1986, 12–202, did not prejudice the rights of respondents. *See* SCRA 1986, 12–312(C). Rule 12–312(C) provides that "[a]n appeal filed within the time limits provided in these rules shall not be dismissed for technical violations of Rule 12–202 which do not affect the substantive rights of the parties." Since the notice was filed with the Division within thirty days of the order appealed from, and respondents received a copy of the notice of appeal on the same day it was filed with the Division, no prejudice resulted to respondents. Notices of appeal, even where technically defective, should be liberally construed to allow consideration of the case on the merits. *See James v. Brumlop*, 94 N.M. 291, 609 P.2d 1247 (Ct.App.1980); *see also Sleeper v. Ensenada Land & Water Ass'n*, 101 N.M. 579, 686 P.2d 269 (Ct.App. 1984) (reviewing court favors that interpretation which permits a review on the merits). Additionally, the legislature, in enacting NMSA 1978, Section 52–5–1 (Repl. Pamp.1987), has declared that it "is the specific intent of the legislature that benefit claims cases be decided on their merits."

In *Cobb v. Lewis*, 488 F.2d 41 (5th Cir. 1974), the court addressed an analogous issue. In that case the appellants failed to file their notice of appeal with the clerk of the district court as required by Fed.R. App.P. 3(a). Appellants believed the district court's order granting a stay of suit pending arbitration and refusing to grant a motion for a preliminary injunction against arbitration was interlocutory and instead filed a petition for leave to appeal with the court of appeals. *See* 28 U.S.C. § 1292(b) (1970). The court of appeals denied the petition but docketed the appeal under Section 1292(a). The court in *Cobb* held that the requirement of filing the notice of appeal was satisfied although mistakenly filed by appellants in the court of appeals.

In so holding, the court concluded that the mistake in filing was a mere irregularity in the form or procedure for filing the notice of appeal—not a jurisdictional defect. We apply the same rationale to the instant case. *See also* R. 12–312(C); 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.09 (2d ed. 1989). Similarly, the legislature, under NMSA 1978, Section 34–5–10 (Repl.Pamp.1981), has enacted legislation providing that "[n]o matter on appeal in the supreme court or the court of appeals shall be dismissed for the reason that it should have been docketed in the other court."

Our calendar notice relied on *Weeks v. Chief of Washington State Patrol,* 96 Wash.2d 893, 639 P.2d 732 (1982) (En Banc) (notice of appeal otherwise timely filed but filed in the wrong court held not to be jurisdictional where the opposing party had notice of the appeal). Respondents seek to distinguish *Weeks* from the instant case, arguing that the issue in *Weeks* was whether the court of appeals properly granted the appellant's motion to extend the time for filing the notice of appeal because the notice had been filed in the court of appeals rather than in the district court. We believe this is a distinction without a difference. In Washington, there is no appellate rule providing for the appellate court or district court to extend the time for filing the notice of appeal. *See* Wash.Rev.Code, R.A.P. 5.1 to 5.5 (1987). *Weeks* held that filing the notice of appeal in the wrong court is a procedural defect, not a jurisdictional one. *But see Collins v. Boulder Urban Renewal Auth.,* 684 P.2d 952 (Colo. Ct.App.1984) (filing of notice of appeal with the wrong court held to be jurisdictional). We determine under the facts herein, the error in filing of the notice of appeal with the Division rather than the court of appeals was not jurisdictional.

█ We next address the merits of the issues raised by claimant on appeal. In our calendaring notice we addressed each issue raised by claimant and proposed summary affirmance of the hearing officer's decision finding claimant to be temporarily totally disabled. Claimant failed to file a memorandum in opposition to our proposed summary disposition. For the reasons stated in our calendar notice we affirm the disposition order entered by the administrative hearing officer.

The order of the hearing officer is affirmed.

IT IS SO ORDERED.

BIVINS, C.J., and APODACA, J., concur.