798 P.2d 156

**Elwood L. LOWE, Plaintiff–Appellant,**

v.

**Norman D. BLOOM, Jr., George E. Fettinger and Fettinger & Bloom, Defendants–Appellees.**

No. 18799.

Supreme Court of New Mexico.

June 28, 1990.

Rehearing Denied Aug. 13, 1990.

Law Systems of Las Cruces, Anthony F. Avallone, Thomas R. Figart, Las Cruces, for plaintiff-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, Clifford K. Atkinson, Albuquerque, for defendants-appellees.

OPINION

RANSOM, Justice.

Appeal purportedly was taken to the court of appeals from a summary judgment entered on October 3, 1989. The case subsequently was transferred to this Court pursuant to NMSA 1978, Section 34–5–10 (Repl.Pamp.1981), which provides for the transfer of misfiled appeals from the court of appeals. Appellees moved to dismiss for jurisdictional defect because appellant failed to properly file notice of appeal with the clerk of the district court within thirty days as provided by SCRA 1986, 12–201, –202(A). Appellant instead had filed the original and one copy of the notice of appeal with the clerk of the court of appeals on or about October 5, 1989. At the same time, pursuant to Rule 12–202(D)(3), appellant mailed copies of this notice to appellees' counsel and the trial judge in Carlsbad. Notice was not filed with the district court clerk until March 12, 1990. Nonetheless, appellant contends that he has substantially complied with the requirements of the appellate rules, that appellees' substantive rights have not been prejudiced, and that his mistake constituted a technical violation of Rule 12–202 which, under Rule 12–312, should not result in dismissal of his appeal. We disagree.

Our appellate courts liberally construe the appellate rules in order to reach the merits of appeals in which their jurisdiction properly has been invoked. *See, e.g., James v. Brumlop,* 94 N.M. 291, 293, 609 P.2d 1247, 1249 (Ct.App.), *cert. denied,* 94 N.M. 674, 615 P.2d 991 (1980). In *James* the court of appeals held it had no jurisdiction over an appeal from summary judgment when notice was filed more than thirty days following entry of judgment. Nevertheless, the trial court's refusal to reopen the proceedings under SCRA 1986, 1–060(B) was a final, appealable order and the court of appeals regarded the notice of appeal designated as an appeal from the summary judgment as an appeal from the denial of appellant's Rule 60(B) motion, when notice was filed within thirty days of denial of the motion.

We, however, cannot exercise such discretion concerning rules that govern the proper invocation of our jurisdiction. *Id.* Previous New Mexico cases have held failure to file notice of appeal *within the time allotted* under the appellate rules creates jurisdictional error. *See Public Serv. Co. v. Wolf*, 78 N.M. 221, 223, 430 P.2d 379, 381 (1967); *State v. Brinkley*, 78 N.M. 39, 40, 428 P.2d 13, 14 (1967). While our cases have not addressed whether failure to file with the appropriate court also creates jurisdictional error, appellees cited numerous cases from other jurisdictions that so hold. *See Scribner v. State*, 372 So.2d 1311, 1312 (Ala.Civ.App.1979); *Collins v. Boulder Urban Renewal Authority*, 684 P.2d 952 (Colo.Ct.App.1984); *Lampkin–Asam v. District Court of Appeal*, 364 So.2d 469 (Fla.1978); *Loter v. Metropolitan Life Ins. Co.*, 229 Iowa 1127, 1133, 296 N.W. 227, 230 (1941); *City of Bonner Springs v. Clark*, 3 Kan.App.2d 8, 588 P.2d 477 (1978); *Gerbig v. Gerbig*, 60 Nev. 292, 108 P.2d 317 (1940); *In re Horning's Will*, 42 N.E.2d 554 (Ohio App.1942). *Contra Cobb v. Lewis*, 488 F.2d 41 (5th Cir.1974); *Weeks v. Chief of Washington State Patrol*, 96 Wash.2d 893, 639 P.2d 732 (1982) (en banc).

We follow the majority rule. Appellant is correct that Rule 12–202 includes both place-of-filing and content requirements for notices of appeal. Further, Rule 12–312 provides that, so long as the filing took place in a timely fashion under Rule 12–201, technical noncompliance with the provisions of Rule 12–202 that do not affect the substantive rights of the parties should not be grounds for dismissal of an appeal. However, we are persuaded that the very concept of a timely filing (Rule 12–201) includes the concept that the party has substantially complied with applicable place-of-filing requirements (Rule 12–202(A)).

Here, appellant's filing of notice of appeal with the clerk of the court of appeals did not substantially comply with the requirement of Rule 12–202(A) that notice of appeal be filed with the clerk of the district court. We conclude no bona fide attempt to "file" a notice of appeal as that term is used in Rule 12–201 took place during the thirty-day time limit set out in that Rule. Appellant claims that his act of mailing a copy of the notice of appeal to the district court judge brought his actions into substantial compliance with Rule 12–202(A); however, the mere mailing of the notice to the judge as required by Rule 12–202(D)(3) did not transform a jurisdictional defect into a technical one.

Appellant understandably places reliance on the recent court of appeals case of *Martinez v. Wooten Construction Co.*, 109 N.M. 16, 780 P.2d 1163 (Ct.App.1989), wherein it was held that improper filing of notice of appeal from a final order of the Worker's Compensation Division with the Division rather than with the court of appeals was merely a technical deficiency when the notice was timely filed. *See* SCRA 1986, 12–601 (appeals from statutory proceedings). We note that certiorari never was sought in the *Martinez* case and that the court of appeals summarily ruled against the appellant on the merits. In any event, to the extent the court of appeals' opinion may be read to suggest that failure to substantially comply with the requirements of Rule 12–202(A) results merely in a technical deficiency rather than a jurisdictional one, that case is overruled.

The present appeal is dismissed.

IT IS SO ORDERED.

SOSA, C.J., and BACA and WILSON, JJ., concur.

MONTGOMERY, J., dissents.

MONTGOMERY, Justice (dissenting).

I respectfully, and with some hesitation, dissent. I hesitate because the propositions of law articulated in the Court's opinion seem so clear, so specific and so inexorable in the conclusion they dictate that a contrary opinion appears questionable if not downright heretical. And yet the result reached by the Court seems unsound and the reasoning leading to that result appears emptily formalistic.

The question is whether the place-of-filing requirement in Rule 12–202(A) should be construed as jurisdictional in the same

way as the time-of-filing requirement in Rule 12–201(A). That the latter stricture is, as the Court says, thoroughly embedded in our jurisprudence would not be denied by even the most unregenerate heretic. However, rather than answering the question before us by determining whether a document has been "filed" under Rule 12–202(A) so as to satisfy the requirement under Rule 12–201(A), I believe we should focus on the purposes and policies of appeals and the rules governing them, and try to decide whether the requirement that the notice of appeal be filed with the district court clerk is or is not "jurisdictional" in light of those purposes and policies.

The purpose of the requirement that the notice of appeal be filed within thirty days after entry of the order or judgment appealed from has not, so far as I can determine, been declared by this Court; but from the many cases holding that timely filing of the notice is jurisdictional one can glean that it is a *very* important requirement. Filing the notice of appeal signals the intention of the party appealing to take an appeal; it gives notice to the court, the opposing party and anyone else who needs it that the appellate process is underway. Again, the appellate courts in this state, as in all or most other jurisdictions, have treated this step as of very great—i.e., jurisdictional—consequence.

No similar consequence would seem to attach to the filing of the notice with the clerk of the district court. Of course, if the notice were deposited on the courthouse steps, one might wonder whether there was any reason to treat it as effectual for any purpose; but filing it with the clerk, when notice of the filing is given to the other people mentioned in Rules 12–202(D) and (E), does not seem to serve any great jurisdictional objective. No doubt it is helpful for the clerk to be notified that an appeal is in the offing, but preparation of the record proper may not even be begun

until the clerk receives a copy of the docketing statement, as provided in Rule 12–209(B). The calendar assignment in the appellate court is based upon the docketing statement and the record proper (under Rule 12–210(A)), and the transcript of proceedings is prepared (under Rule 12–211) following issuance of the calendar assignment. Again, nothing in the appellate process hinges on whether the district court clerk receives the original notice of appeal, a copy (as is the case with the docketing statement, the original of which is filed with the appellate court clerk under Rule 12–208(B)), or even any document at all purporting to represent the notice of appeal.

It is therefore difficult to see any purpose or policy that is served by inflexible enforcement, to the extent of calling it a jurisdictional rule, of the necessity for filing the notice of appeal with the clerk of the district court. On the other hand, the policy of facilitating a litigant's right to appeal is easy to find. It is set forth in our Constitution,[1] and there are a number of cases stating that the rules should be construed liberally in order that cases on appeal may be heard on their merits. *E.g.,* *Montgomery v. Cook,* 76 N.M. 199, 208, 413 P.2d 477, 484 (1966); *Fairchild v. United Service Corp.,* 52 N.M. 289, 299, 197 P.2d 875, 881 (1948).

The court of appeals relied on this policy, as stated also in *James v. Brumlop* and *Sleeper v. Ensenada Land & Water Ass'n,* 101 N.M. 579, 686 P.2d 269 (Ct.App.1984), in refusing to dismiss the appeal, on facts analogous to those in the present case, in *Martinez v. Wooten Construction Co.,* which the majority now overrules.[2] The court of appeals, in my view, correctly construed the failure to file the notice of appeal with the appellate court clerk under Rules 12–202 and 12–601(A) as a "technical violation" of the rules and not as giving

---

1. N.M. Const. art. VI, § 2: " * * * [A]n aggrieved party shall have an absolute right to one appeal."

2. In *Wooten,* the notice of appeal was mistakenly filed with the Workers' Compensation Division, rather than with the clerk of the court of

appeals as required by Rule 12–601(A). This illustrates the point that there is nothing magic about filing the notice with the tribunal from which the appeal is taken rather than with the court to which it is taken.

rise to a jurisdictional defect. 109 N.M. at 17, 780 P.2d at 1164. The court of appeals accordingly applied Rule 12–312(C), which provides that appeals shall not be dismissed for technical violations of Rule 12–202 which do not affect the substantive rights of the parties, and went on to hold that the appellees had suffered no prejudice where they received a copy of the notice of appeal on the same day it was filed. *Id.*

Similarly, I would find no prejudice to the appellees here; in fact, the facts of this case provide a convincing demonstration why an appeal like this one should not be dismissed. On the same day as the original notice of appeal was sent to the clerk of the court of appeals (October 5, 1989), copies were sent to appellees' counsel, to the district court judge and, redundantly, to the clerk of the court of appeals. "Apparently," according to appellant's submission to this Court, "neither the original nor a copy was sent to Alamogordo to the District Court Clerk for the Twelfth Judicial District." [3] Thereafter, appellant filed the docketing statement with the clerk of the court of appeals and paid the docketing fee. Since the appeal involved a case in which one or more counts of the complaint sounded in contract, the clerk of the court of appeals transferred the papers from her office to that of the Clerk of the Supreme Court. The appeal was docketed in this Court on November 6, 1989. The record proper was filed with the court of appeals on November 29, 1989, but because the record was not timely filed in this Court the appeal was dismissed ministerially on January 29, 1990. On February 6, the missing record evidently was discovered and filed in the Supreme Court Clerk's office, whereupon the appeal was reinstated and a notice was issued assigning the case to the general calendar. The judg-

ment appealed from awarded appellees a summary judgment, so there was no transcript of proceedings; and in due course appellant's brief in chief was filed (after an extension) on March 16, 1990.

At this point it appears that appellees' counsel discovered that the notice of appeal had not been filed with the district court clerk until March 12, 1990, when the copy sent to Judge Shuler the preceding October found its way into the district court file. Appellees thereupon moved to dismiss the appeal.

Thus, nothing that transpired in either this Court, the court of appeals, or the district court prejudiced the appellees or otherwise affected their substantive rights. While there were some delays, they were not inordinate and the brief in chief was eventually filed, during which time appellees neither knew nor—in all probability—cared where the notice of appeal had been filed. This strikes me as a perfect case for applying Rule 12–312(C).

The appellees have argued that strict enforcement of Rule 12–202 is necessary "to preserve the integrity of the Court" and to "prevent abuses of the appellate process." These, of course, might be valid reasons for enforcing the rules in an appropriate case; if some rule transgression should place the Court's integrity into jeopardy or otherwise constitute an abuse of the appellate process, the Court has armed itself with ample authority in Rule 12–312(D) to take such protective action as might be warranted. Here, however, no such threat appears and no other reason is advanced for invoking the extreme (per Rule 12–312(D)) sanction of dismissal.

Another consideration impels me to the conclusion I have reached. There is a tendency on the part of lawyers and judges to

---

**3.** Appellant's surmise on this point may not be entirely accurate. The copy of the notice of appeal that was sent to the clerk of the court of appeals bears a handwritten notation that the notice was filed in DC 10/6/89. The notation was made by an employee in the Supreme Court Clerk's office who telephoned someone in the district court clerk's office and was informed that the notice had been filed on 10/6/89. However, it was not so filed until March 12,

1990. Thus, it is *possible* that a copy of the notice was delivered to the district court clerk's office on October 6 and never filed. This is a matter of conjecture, and so for purposes of this opinion I shall assume that the facts are as the majority opinion and appellant's submission recite them to be: that neither the original nor a copy was ever delivered to the district court clerk's office until March 1990.

think of the concept of "jurisdiction" as if it were a *thing*—a kind of substance permeating the court, which the court either does or does not have depending on whether there has or has not been a sufficient invocation to confer it. But jurisdiction, like the many other reified concepts with which the law deals, is not something whose existence can be determined by looking through a microscope or other instrument to see whether or not it is there; jurisdiction is an intensely practical concept used basically to tell lawyers and judges, and the general public, when a court will entertain a case and when it will not. The rules prescribing and delimiting jurisdiction should therefore be construed and applied in similarly practical ways—to accomplish the objective of defining those instances when a court will decide a controversy and when, presumably for good reasons, it will refuse to decide.

I cannot see a good reason for refusing to decide this appeal. On the other hand, there appears to be an excellent reason for deciding it—namely, that our judicial system proceeds on the assumption that after a final judgment of a district court the losing party is entitled to have the court's ruling reviewed on its merits. That has not happened here, and so I respectfully dissent.