# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**VILLAGE OF CORRALES,**

Plaintiff-Appellee,

v.                                                                                          **NO. 28,991**

**DAVID T. GIRON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Michael E. Martinez
Rio Rancho, NM

for Appellee

David T. Giron
Corrales, NM

Pro Se Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant, pro se, challenges his judgment and sentence convicting him of a seatbelt violation. [RP 41-42] We issued a calendar notice proposing to dismiss the appeal for lack of jurisdiction. Defendant has responded with a memorandum in

opposition. Because we remain unpersuaded that this Court has jurisdiction over this appeal, we dismiss the appeal.

To properly invoke this Court's jurisdiction, a party must comply with the appellate rules governing the time and place in which to file the notice of appeal. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991); *see also Trujillo v. Serrano*, 117 N.M. 273, 277-78, 871 P.2d 369, 373-74 (1994) (establishing that the timely filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction to hear an appeal). In this case, the district court's judgment and sentence convicting Defendant of the seatbelt violation was entered on August 22, 2008. [RP 41] Under the applicable rules of appellate procedure, Defendant had thirty days thereafter to file a notice of appeal with the clerk of the district court. *See* Rule 12-202(A) NMRA ("An appeal permitted by law as of right from the district court shall be taken by filing a notice of appeal with the district court clerk within the time allowed by Rule 12-201 NMRA"); Rule 12-201(A)(2). Defendant did not file a notice of appeal in accordance with these rules because he did not file a notice of appeal in district court.

In his memorandum in opposition, Defendant states that he filed a notice of appeal in our jurisdiction on September 17, 2008. [MIO 1] However, notice of appeal must be filed in the district court—not in the Court of Appeals. *See Lowe v. Bloom*,

2

110 N.M. 555, 556, 798 P.2d 156, 157 (1990) (holding that filing a notice of appeal with the Court of Appeals does not substantially comply with Rule 12-202(A)'s requirement that the notice of appeal be filed with the district court). Additionally, the notice of appeal from Defendant's magistrate court conviction that Defendant references in the documents he filed with this Court on September 17 does not comply with the requirements of Rules 12-201 and -202 and cannot confer jurisdiction in this Court. *See Lowe,* 110 N.M. at 556, 798 P.2d at 157.

Additionally, we note that, although a document entitled "Notice of Appeal" and captioned in the thirteenth judicial district appears in this Court's file, it contains no date-stamp from that court. Nor is there any other indication that the document was filed with the district court. This is insufficient. *See id.*

We may excuse the failure to follow the rules of appellate procedure regarding proper filing of a notice of appeal in criminal cases by employing a conclusive presumption of ineffective assistance of counsel. *See State v. Upchurch*, 2006-NMCA-076, ¶ 4, 139 N.M. 739, 137 P.3d 679 (citing *State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct. App. 1986)). We do not, however, extend the presumption to a defendant who represents himself or herself and has waived the assistance of counsel, effective or otherwise. *See State ex rel. Children, Youth & Families Dep't v. Amanda M.*, 2006-NMCA-133, ¶ 19, 140 N.M. 578, 144 P.3d 137

3

("In order for the presumption of ineffective assistance of counsel to apply, the party must have a right to effective assistance of counsel."); *see also Upchurch*, 2006-NMCA-076, ¶ 4 (stating that we routinely excuse untimely appeals of represented criminal defendants presuming the ineffective assistance of counsel); *cf. State v. Peppers*, 110 N.M. 393, 399, 796 P.2d 614, 620 (Ct. App. 1990) (refusing to extend the conclusive presumption adopted in *Duran* to appeals from guilty or no contest pleas). Because Defendant appeared pro se and did not have a right to counsel, we see no reason to extend the *Duran* presumption to Defendant's appeal. *See State v. Lewis*, 104 N.M. 218, 221, 719 P.2d 445, 448 (Ct. App. 1986) ("A defendant who elects to assert his [or her] right of self-representation in a criminal appeal is required to comply with all applicable rules of appellate procedure[.]"); *see also Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (holding that pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel).

Nor can we construe Defendant's docketing statement filed in this Court on October 14, 2008, as a notice of appeal. A docketing statement filed in district court that complies with the requirements of Rule 12-202(B) may be sufficient to vest jurisdiction in this Court. *See Marquez v. Gomez*, 111 N.M. 14, 15, 801 P.2d 84, 85 (1990). However, Defendant did not file the docketing statement in district court, nor

was it filed within the thirty-day time limit for filing a notice of appeal. *See Lowe*, 110 N.M. at 556, 798 P.2d at 157.

Without a timely notice of appeal and without any indication that this case presents unusual or exceptional circumstances that would justify deviation from our mandatory and rigidly enforceable procedural rules, we cannot exercise our jurisdiction to entertain this appeal. *See Upchurch*, 2006-NMCA-076, ¶ 5.

For the foregoing reasons, we dismiss this appeal.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**CYNTHIA A. FRY, Judge**