IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.

NO. 29,097

JERRY BALDONADO,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
William A. Sanchez, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy W. Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant Jerry Baldonado (Defendant) appeals from the judgment and sentence. [22 RP 103] The judgment was filed pursuant to an unconditional guilty plea. [22 RP 62-68] There are four district court cases and four record propers: D1314 CR 04-00180; CR 06-00021; CR 06-00022; and CR 07-0041. Defendant

entered one plea for all four cases; and one judgment and sentence was entered upon the one plea. For convenience, we use the record proper in CR-06-00022, notated as 22RP, for references to the record propers in this opinion. This Court's calendar notice proposed to dismiss the appeal. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition. [Ct. App. File, MIO] Unpersuaded, we dismiss the appeal.

**DISCUSSION**

Defendant appeals from the judgment and sentence filed on October 7, 2008. [22RP 103] Defendant filed a notice of appeal in this Court on October 15, 2008. [Ct. App. File] The district court record propers, however, do not indicate that Defendant filed a timely notice of appeal in district court with the district court clerk as required by Rule 12-201(A) and Rule 12-202(A) NMRA. Generally, a notice of appeal that is timely filed in the wrong place, deprives this Court of jurisdiction to review the merits of the appeal. Rule 12-202(A) NMRA (stating that "[a]n appeal permitted by law as of right from the district court shall be taken by filing a notice of appeal with the district court clerk within the time allowed by Rule 12-201 NMRA"); *Lowe v. Bloom*, 110 N.M. 555, 556, 798 P.2d 156, 157 (1990) (holding that an appellant who filed a notice of appeal with the clerk of the court of appeals rather than with the clerk of the district court did not comply with the place-of-filing requirement of Paragraph A of

Rule 12-202 NMRA, and therefore, this Court was without jurisdiction to consider the appeal); *cf. Trujillo v. Serrano*, 117 N.M. 273, 277, 871 P.2d 369, 374 (1994) (discussing that the filing of a late notice of appeal is better described as a mandatory precondition to the exercise of jurisdiction rather than an absolute jurisdictional requirement).

Generally, in criminal cases despite an improperly filed notice of appeal this Court reaches the merits of the appeal pursuant to *State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct. App. 1986) (holding that in criminal cases there is a conclusive presumption of ineffective assistance of counsel where the notice of appeal is not filed within the time limit required); *see also Lowe*, 110 N.M. at 556, 798 P.2d at 157 (holding that "we are persuaded that the very concept of a timely filing (Rule 12-201) includes the concept that the party has substantially complied with applicable place-of-filing requirements (Rule 12-202(A))" and mailing a copy of the notice of appeal to the district court judge did not constitute substantial compliance with the place-of-filing requirements). In this case, however, Defendant entered into an unconditional plea agreement in all four district court cases under which Defendant did not reserve any issue(s) for appeal. [22RP 62-68] As such, the *Duran* conclusive presumption does not apply to allow this Court jurisdiction to review the merits of this criminal appeal. *State v. Peppers*, 110 N.M. 393, 399, 796 P.2d 614, 620 (Ct. App. 1990)

3

(holding that the conclusive presumption adopted in *Duran* does not extend to appeals from guilty or no contest pleas).

Moreover, in this case, there are no "unusual" facts that would permit this Court to review the merits of Defendant's appeal. *Id.* (permitting the defendant's appeal despite the untimely filing from a guilty plea because the defendant "may well have been without counsel during a period of time that was critical with respect to assertion of his appellate rights"). In this case, although Defendant had different counsel throughout various stages of the proceedings in the four cases below, it appears that Defendant was not without counsel during the period of time that was critical with respect to assertion of his appellate rights. Pursuant to *Peppers*, this Court does not have jurisdiction to review the merits of Defendant's direct appeal to this Court.

Defendant's memorandum points out that the alleged errors: ineffective assistance of counsel, speedy sentencing, and the alleged failure to allow Defendant to withdraw his plea because his counsel allegedly was ineffective in explaining its ramifications to him, occurred after the unconditional plea was in place. These arguments do not persuade us, however, that Defendant properly perfected Defendant's right to a direct appeal to this Court. Defendant's counsel failed to properly file a notice of appeal in district court from a plea agreement. *Peppers* does not allow the *Duran* presumption of ineffective assistance to apply under these

4

circumstances in order for this Court to address the merits of Defendant's direct appeal to this Court.

As we noted in the calendar notice, however, dismissal of the appeal in this Court in accordance with *Peppers* does not deprive Defendant of his right to petition for habeas corpus relief, pursuant to Rule 5-802 NMRA, with regard to the issues Defendant raises in this appeal: the alleged violations of his right to effective assistance of counsel, speedy sentencing rights, and the alleged failure of the district court to allow Defendant to withdraw his plea because his counsel allegedly was ineffective in explaining its ramifications to him.

**CONCLUSION**

We dismiss Defendant's direct appeal to this Court.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**JAMES J. WECHSLER, Judge**


_____
**MICHAEL E. VIGIL, Judge**