This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                        **No. 31,466**

**TRIGINAL JACKSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Trevor Rigler, Assistant Attorney General
Albuquerque, NM

for Appellee

Triginal D. Jackson
Albuquerque, NM

Pro se Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals pro se his conviction for aggravated assault with a deadly weapon, a fourth degree felony. Our notice proposed to dismiss because Defendant's notice of appeal did not satisfy the time and place requirements for filing a notice of appeal. Defendant filed a timely memorandum in opposition. Defendant also filed a "memorandum in support of motion for appeal bond"; a "motion for appeal bond"; and a "motion for appeal bond/undue hardship" (collectively referred to as "motions for appeal bond"). We are not persuaded by Defendant's arguments as set forth in his memorandum in opposition, and therefore dismiss his appeal. In light of our dismissal, his motions for appeal bond are moot and accordingly denied.

As detailed in our notice, Defendant failed to properly invoke this Court's jurisdiction because he did not comply with the appellate rules governing the time and place in which to file the notice of appeal. *See Trujillo v. Serrano*, 117 N.M. 273, 277-78, 871 P.2d 369, 373-74 (1994) (establishing that the timely filing of a notice of appeal is a mandatory precondition to the exercise of jurisdiction to hear an appeal); *Lowe v. Bloom*, 110 N.M. 555, 556, 798 P.2d 156, 157 (1990) (holding that filing a notice of appeal with the Court of Appeals does not substantially comply with Rule 12-202(A)'s requirement that the notice of appeal be filed with the district court), *modified on other grounds by Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991).

As we further explained in our notice, we may excuse untimely and improperly filed notices of appeal in criminal appeals we receive from represented criminal defendants, by presuming ineffective assistance of counsel. *See State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct. App. 1986). However, because Defendant elected to proceed pro se below and on appeal and thus waived his right to counsel [RP 30, 35, 36], we decline to extend the *Duran* presumption to Defendant's appeal. *See, e.g., State ex rel. Children, Youth & Families Dep't v. Amanda M.*, 2006-NMCA-133, ¶ 19, 140 N.M. 578, 144 P.3d 137 ("In order for the presumption of ineffective assistance of counsel to apply, the party must have a right to effective assistance of counsel."); *see also State v. Reyes*, 2005-NMCA-080, ¶ 10, 137 N.M. 727, 114 P.3d 407 (recognizing that a pro se defendant is precluded from complaining on appeal that ineffective self-representation amounts to a denial of effective assistance of counsel).

We acknowledge Defendant's assertion that he attempted to file his notice of appeal by email. [MIO 5] This, however, is a matter that is not of record and thus will not be considered by this Court. *See generally State v. Romero*, 87 N.M. 279, 280, 532 P.2d 208, 209 (Ct. App. 1975) ("Matters outside the record present no issue for review."). Nonetheless, while Rule 5-103.2 NMRA addresses the electronic service and filing of pleadings and other papers, the requirements of Rule 5-

3

103.2(D)(1)&(2) must first be met. This Section requires that documents may be filed with the district if "(1) the Supreme Court has adopted technical specifications for electronic transmission; and (2) the court in which documents are filed by electronic transmission has complied with the technical specifications for electronic transmission adopted by the Supreme Court." Because neither requirement has been happened, electronic filing was not a viable option for Defendant.

We further understand Defendant to argue that, although he represented himself, he had standby counsel who should have ensured that his notice of appeal was adequate. [MIO 3, 9-10; DS 10] As an initial matter, we note that the record does not support Defendant's assertion that he was given standby counsel. Nonetheless, even assuming that Defendant was given standby counsel, the role of standby counsel is to ensure that defendants have the tools to prepare an adequate pro se defense. *See generally State v. Vincent*, 2005-NMCA-064, ¶¶ 45-50, 137 N.M. 462, 112 P.3d 1119 (addressing the role of standby counsel). Defendant cites no legal authority for the proposition that standby counsel is required to ensure that defendants file a notice of appeal. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that "[i]ssues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal," and that an appellate court will not do basic legal research for counsel).

Based on the notice and the foregoing discussion, we dismiss Defendant's appeal.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**