72 P.3d 772 (2003)
117 Wash.App. 618
Terry IVERSON, Appellant,
v.
SNOHOMISH COUNTY and Snohomish County Department of Corrections, Respondents.
No. 50391-0-I.
Court of Appeals of Washington, Division 1.
June 16, 2003.
Publication Ordered July 8, 2003.
*773 Michael A. Clarke, Attorney at Law, Everett, WA, for Appellant.
Cynthia A. Larson, Sno. Co. Prosecutors Office, Everett, WA, Robert T. Seder, U.S. Attorneys Office, Seattle, WA, for Respondents.
APPELWICK, J.
Terry Iverson is a custody officer for Snohomish County Department of Corrections. He sued his employer for additional compensation for his meal period because he disputes the amount of work that he must undertake during his meal period. He works eight hours a day, including the 30 minute meal period. During this period, he must remain at his post and perform numerous duties. Iverson, however, is paid for those 30 minutes because of these requirements. The trial court dismissed his case on summary judgment, since Iverson has failed to show any legal reason why he should be paid more for his 30 minute meal period. We agree with the trial court and affirm.

FACTS
Terry Iverson is a custody officer with the Snohomish County Department of Corrections. Custody Officers work in a module. A module is a room with a group of inmates accompanied by two or more custody officers. A custody officer's basic function is "[t]o monitor, supervise and maintain custody of prisoners."
Iverson works 8 hours a day. The 8 hours includes a 30 minute lunch period. He is asked to remain at his post during this lunch period and must respond to emergency situations. He is paid for 8 hours of work a day. An alternative arrangement, an 8.5 hour day with complete freedom during the 30 minute lunch period and compensation for 8 hours of labor, was considered and rejected by Iverson's union.
Iverson filed a grievance with his union, Teamsters Local 763, on November 23, 1998, alleging that he was required to be "on duty" during his lunch period and that such a requirement violated his collective bargaining agreement. The union reviewed his grievance and denied it.
Iverson sued Snohomish County contending that he is entitled to additional compensation for his lunch period. After oral argument, the trial court granted the County's motion for summary judgment. Iverson filed a motion to reconsider. The trial court denied the motion. Iverson appealed.

ANALYSIS
I. Standard of Review
When reviewing an order granting summary judgment, the appellate court performs the same inquiry as the trial court. Botka v. Estate of Hoerr, 105 Wash.App. 974, 979, 21 P.3d 723 (2001). The court considers the facts and the inferences from the facts in the light most favorable to the nonmoving party. Bremerton Pub. Safety Ass'n v. City of Bremerton, 104 Wash.App. 226, 230, 15 P.3d 688 (2001). The court may grant summary judgment if the pleadings, affidavits, and depositions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Lybbert v. Grant County, 141 Wash.2d 29, 34, 1 P.3d 1124 (2000).
II. Legal Analysis
Iverson contends that his employer owes him additional compensation for the 30 minute meal period that he receives during his 8 hour shift. He argues that the duties that he is required to perform during his meal period are so extensive that he is actually "on duty" instead of just "on call" and, therefore, his work schedule does not accurately reflect what was bargained for in his collective bargaining agreement.
*774 Iverson relies on Washington Administrative Code (WAC) XXX-XXX-XXX, which states in relevant part:
Meal periodsRest periods.
(1) Employees shall be allowed a meal period of at least 30 minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.
Iverson contends that this provision entitles him to more than the compensation he already receives for his 30 minute lunch period. Iverson is paid by his employer for his 30 minute meal period. Iverson's meal period therefore complies with WAC 296-126-092.
Iverson also argues that he is entitled to more compensation for his lunch period under his collective bargaining agreement. The relevant provision in his agreement states:
Employees assigned to an eight (8) hour shift inclusive of the meal period, shall remain on the premises and be on call during their meal period.
This provision does not entitle Iverson to additional compensation. In fact, this provision clearly states that Iverson is required to remain on the premises and be "on call" during his lunch period.
Iverson argues that the requirement that he be "on call" does not reflect the reality of the extensive duties that he is required to perform during his lunch period. He has provided no evidence, however, regarding the amount of time he is asked to spend performing these duties during his lunch period. The only evidence in the record regarding the actual amount of work to be performed during a custody officer's lunch came from a defense witness. The witness stated that the work requirements do not take up more than 10 percent of the lunch period for a custody officer.
Iverson's union agreed that he would perform certain duties during his lunch period in exchange for being paid for that time period. Any dispute that Iverson has with that arrangement should be addressed with his union. He has failed to produce any evidence that the reality of his employment contradicts the collective bargaining agreement.
Iverson cites to no authority which would require additional compensation for the duties that he is required to perform during his lunch period. Iverson asserts that the Washington Supreme Court's decision in Wingert v. Yellow Freight Systems, Inc., supports his argument. 146 Wash.2d 841, 50 P.3d 256 (2002). In Wingert, the Court addressed whether employees had a private right of action for an alleged violation of WAC 296-126-092(4), which requires paid overtime rest periods and whether their collective bargaining agreement trumped such a requirement. The Court held that the employees did have a private right of action and that their bargaining agreement did not abrogate the minimum rest period requirement. The Court then remanded the case back to the trial court for a decision on whether WAC 296-126-092 was actually violated. Wingert, 146 Wash.2d at 844, 50 P.3d 256.
Under Wingert, Iverson does have a private cause of action to pursue violations of WAC 296-126-092. Under Wingert, Iverson's collective bargaining agreement cannot deprive him of minimum health and safety requirements protected by the statute like rest periods or meal periods. Here, the bargaining agreement tracks WAC 296-126-092, and Iverson is paid his normal wage for his on call status during meal periods. The point of being on call is to be available to perform regular duties while on call. Iverson has failed to show that Wingert or any other authority stands for the proposition that he should be required to perform fewer duties during his meal period. Nor has he explained how Wingert supports his contention that he should get paid more for his meal period than he is already earning. Iverson's argument has no merit.

III. Sanctions
Snohomish County requests sanctions against Iverson for failure to properly cite to the record. RAP 10.7 reads:

*775 If a party submits a brief which fails to comply with the requirements for content, style, legibility, and length provided by rules 10.3 and 10.4, the appellate court, on its own initiative or on the motion of a party, may (1) order the brief returned for correction or replacement within a specified time, (2) order the brief stricken from the files with leave to file a new brief within a specified time, or (3) accept the brief. The appellate court will ordinarily impose sanctions on a party or counsel for a party who files a brief which fails to comply with these rules.
In Lawson v. Boeing Co., 58 Wash.App. 261, 271, 792 P.2d 545 (1990), this court imposed a $250 sanction on a party's counsel for failure to cite to the record. This court noted, "[t]he failure to cite to the record is not a formality. It places an unacceptable burden on opposing counsel and on this court." Lawson, 58 Wash.App. at 271, 792 P.2d 545.
As in Lawson, Iverson's opening brief fails to cite to any clerk's papers as required under RAP 10.4(f). When called to Iverson's attention by Snohomish County, Iverson improved his performance in drafting the reply brief. Iverson's reply brief, however, mistakenly cites to evidence in the record using the sub number assigned by the trial court and not the clerk's papers designation required on appeal. Iverson's submissions were in error. Iverson's counsel is admonished to follow the court's rules in future filings or face sanction. Snohomish County's request for sanctions is denied.
We affirm the trial court's decision.
ELLINGTON and KENNEDY, JJ., concur.