75 P.3d 990 (2003)
118 Wash.App. 272
Janet WHITE, Lexor Green, Marcola Nixon, Linda Felton, and all similarly situated individuals, Respondents,
v.
SALVATION ARMY, Appellant.
No. 50805-9-I.
Court of Appeals of Washington, Division 1.
September 8, 2003.
*991 Jerret E. Sale, Deborah Lynn Carstens, Medora Marisseau, Seattle, WA, for Appellant.
Lawrence Rea Schwerin, Dmitri L. Iglitzin, Seattle, WA, for Respondent.
Anastasia R. Sandstrom, Seattle, WA, for Amicus Curiae (St. of WA/Dept of Labor and Industries).
COX, J.
The Salvation Army appeals the judgment based on a partial summary judgment order declaring that its actions respecting rest periods and meal periods of four of its former domestic violence counselors violated WAC 296-126-092. We hold that requiring these counselors to remain on call, while they are not engaged in specific work-related activities, was not a violation of WAC 296-126-092 concerning rest and meal periods. Accordingly, former employees Janet White, Lexor Green, Marcola Nixon, and Linda Felton ("workers") are not entitled to additional compensation for meal and rest periods. We further conclude that the Salvation Army was entitled to summary judgment on its claim that the nature of the workers' jobs satisfied the intermittent rest and meal period requirements of WAC 296-126-092.[1] We reverse.
The Salvation Army formerly employed the workers as domestic violence counselors. They worked at the Catherine Booth House ("CBH"), a 24-hour domestic violence shelter.
There are three shifts at CBH. The day shift is from 7:45 a.m. to 4:00 p.m. The swing shift is from 3:45 p.m. to midnight. The graveyard shift is from 11:45 p.m. to 8:00 a.m. Workers were required to be on call at all times during their shifts. Although the workers were required to remain on call and available to respond to telephone calls and resident needs at all times during their shift, they did have time during which they could rest, eat, or attend to personal matters. There were no scheduled rest or meal periods. The workers were paid for their entire eight and a quarter hour shifts.
The workers commenced this action seeking recovery for, among other claims, allegedly unpaid wages for rest and meal periods. They contend that the Salvation Army did not provide them either the rest or meal periods to which they are entitled under WAC 296-126-092. The parties made cross motions for summary judgment. The trial court granted, in part, the workers' motion, and denied that of the Salvation Army. The court granted, in part, the Salvation Army's motion for reconsideration, affirming summary judgment in favor of the workers on the liability issue, and reserving the issue of damages for trial. Thereafter, the parties stipulated to the amount of damages for rest periods and meal periods for each of the four workers for purposes of finality.
This appeal by the Salvation Army followed.

MEAL PERIODS
The Salvation Army contends that the workers need not be completely relieved from duty during meal periods so long as they are paid for that period and it otherwise complies with WAC 296-126-092. Specifically, the Salvation Army claims that requiring the workers to be on call during meal periods is permissible. We agree.
We may affirm an order granting summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[2] We review questions of law de novo.[3] Findings of fact in a summary judgment order are irrelevant for purposes of our review.[4]
*992 Although the trial court entered its findings of fact and conclusions of law, we see no genuine issues of material fact on this question. Thus, the question is whether any party is entitled to judgment as a matter of law.
Our state's statutory provisions for industrial welfare are set forth in chapter 49.12 RCW. The Department of Labor and Industries ("DLI"), through its director, administers and enforces "all laws respecting the employment and relating to the health, sanitary conditions, surroundings, hours of labor, and wages of employees employed in business and industry in accordance with the provisions of chapter 49.12 RCW."[5]
Chapter 296-126 WAC implements the provisions of chapter 49.12 RCW. Meal and rest periods are conditions of labor that DLI regulates under this chapter. The specific provision at issue here is WAC 296-126-092, which provides in relevant part as follows:
(1) Employees shall be allowed a meal period of at least 30 minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

(2) No employee shall be required to work more than five consecutive hours without a meal period.
(3) Employees working three or more hours longer than a normal work day shall be allowed at least one 30-minute meal period prior to or during the overtime period.[[6]]

...
DLI has promulgated Administrative Policy ES.C.6,[7] concerning WAC 296-126-092, to which we also look for guidance on this question. An agency's interpretation of law may be entitled to deference "to the extent that it falls within the agency's expertise in a special area of the law," which generally means that the statute pertains to the agency's authority and how it bases its policy decisions on that statute.[8] The weight given an administrative policy depends upon the thoroughness evidenced in its consideration, the validity of its reasoning, and all those factors that give it power to persuade, if lacking power to control.[9] No deference is to be accorded a policy that is wrong. Moreover, it is and always has been for the courts, not administrative agencies, to declare the law and interpret statutes.[10]
The second sentence of WAC 296-126-092(1), italicized above, contemplates an employee remaining on duty on the premises during meal periods. This is consistent with allowing the employer to require the employee to remain on call during a meal period, provided the employee is paid. The administrative policy further notes, "[m]eal periods are considered hours of work when the employer requires employees to remain on duty on the premises or at a prescribed work site and requires the employee to act in the interest of the employer."[11] Being on call during mealtime, thus, is permitted. Accordingly, the Salvation Army complied with the meal period requirements of WAC 296-126-092, and the workers are not entitled to *993 any additional compensation for these periods.
The workers argue that the Salvation Army failed to provide them with the required meal period because there was no decrease in their work duties. The workers argue that Weeks v. Chief of the Washington State Patrol[12] turned on the fact that the officers were provided a scheduled lunch period and were merely required to be available for duty, resulting in substantially reduced duties during that time. The workers are mistaken.
In Weeks, police officers worked a nine-hour duty day, which included a one-hour lunch break during which they were required to remain on call but otherwise could go anywhere within the area of their beat.[13] The court held that the lunch hour was work for compensation purposes because they were on call.[14] But the court determined that the officers' salaries already compensated them for a paid 1 hour lunch and that no additional compensation was required.[15]
Decreased duties had no bearing on the court's decision in Weeks and they have no bearing here. The workers were compensated for their meal periods and no additional pay is required.
The workers further argue that the Salvation Army's construction of this provision makes no sense because it validates a situation where eating on the job qualifies as a meal period despite the fact that no specific meal period has been scheduled. Thus, the workers argue that the Salvation Army's failure to schedule a meal period, although eating on the job is allowed, results in a violation of WAC 296-126-092(1). We do not agree.
In considering a statute, we must "assume that the legislature means exactly what it says."[16] We will "give words ... their plain and ordinary meaning."[17] We will construe statutes to avoid strained or absurd results.[18]
WAC 296-126-092 does not require an employer to schedule meal periods for its employees. Rather, it states that "[e]mployees shall be allowed a meal period of at least 30 minutes which commences no less than two hours nor more than five hours from the beginning of the shift."[19] The employer cannot prevent an employee from taking their meal period, but there is no affirmative duty on the employer to schedule meal periods for a specific time. The lack of any scheduled meal period is not a violation of WAC 296-126-092(1).
Furthermore, the administrative policy states that a meal period may be interrupted, and the 30-minute meal period may be satisfied by non-consecutive minutes:
When employees are required to remain on duty on the premises or at a prescribed work site and act in the interest of the employer, the employer must make every effort to provide employees with an uninterrupted meal period. If the meal period should be interrupted due to the employee's performing a task, upon completion of the task, the meal period will be continued until the employee has received 30 minutes total of mealtime. Time spent performing the task is not considered part of the meal period. The entire meal period must be paid without regard to the number of interruptions.
So long as the employer pays a worker during a meal period and otherwise complies with the provisions of WAC 296-126-092, there is no violation. The Salvation Army compensated each worker for all hours worked during all shifts, without deductions for meals. To make the Salvation Army pay again for a 30-minute meal break simply because it did not schedule one is not supported by the regulation or the administrative policy.
*994 The workers' citation to Wingert v. Yellow Freight Systems, Inc.[20] is inapposite. The workers cite Wingert for the proposition that an employer cannot require an employee to work during paid time when that employee was supposed to be on a paid break. This is an unjustifiably expansive reading of Wingert. The court in Wingert concluded that WAC 296-126-092(4) required paid breaks for employees who worked two or less hours of overtime following their regular shift.[21] Furthermore, this assertion has no application here because the Salvation Army could require its employees to interrupt their meal periods with work, or to be on call during the meal periods, as long as it paid them.
This court recently addressed the question of additional compensation for meal breaks under similar circumstances. In Iverson v. Snohomish County,[22] an employee sued his employer for additional compensation for meal periods during which he was required to perform work duties. The employee was required to remain at his post and respond to emergencies during his 30-minute meal period, for which he was paid.[23] Thus, his eight-hour workday included a 30-minute meal period and he was paid for all hours worked, including the 30-minute meal period.[24] This court concluded that the employee was not entitled to any additional pay because he was paid for the meal period during which he was required to remain on duty, consistent with the requirements of WAC 296-126-092.[25]
The documents cited by the workers as supplemental authorities are not persuasive. And none of them advances the workers' position that they are entitled to additional pay for a 30-minute meal break because the breaks were either unscheduled or interrupted.

REST PERIODS
The Salvation Army also contends that domestic violence counselors may be on call during rest periods and such rest periods may be intermittent, provided these workers are paid for such periods and the employer otherwise complies with WAC 296-126-092. We agree.
Again, there are no genuine issues of material fact on this issue. The question is a legal one: the proper interpretation of controlling law. WAC 296-126-092 provides in relevant part:

...
(4) Employees shall be allowed a rest period of not less than 10 minutes, on the employer's time, for each 4 hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.
(5) Where the nature of the work allows employees to take intermittent rest periods equivalent to 10 minutes for each 4 hours worked, scheduled rest periods are not required.[[26]]
Unlike the provisions of WAC 296-126-092(1) regarding an employer requiring an employee to remain "on duty" during paid meal periods, there is no parallel language in WAC 296-126-092(4) or (5) regarding rest periods. Amicus, DLI, the workers, and the Salvation Army all argue that we should turn to Administrative Policy ES.C.6 for guidance. But they differ on how we should interpret and apply that policy to this case.
The administrative policy states: "What is the rest period requirement? Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Employees may not waive their right to a rest period."[27] But there is no definition of what constitutes a "rest period."
The administrative policy next states:

*995 Rest periods must be paid. The term "rest period" is a relief from duty. Rest periods are considered hours worked. Nothing in this regulation prohibits an employer from requiring employees to remain on the premises during their rest periods. The term "on the employer's time" is considered to mean that the employer is responsible for paying the employee for the time spent on a rest period.[[28]]
The phrase "relief from duty" in this latter provision is not defined. Thus, the written policy is not clear whether being on call during rest periods is "a relief from duty."
Finally, the administrative policy states:
Intermittent Rest Periods. Employees need not be given a scheduled rest period when the nature of the work allows intermittent rest period equal to ten minutes during each four hours of work. "Intermittent" is defined as intervals of short duration in which employees are allowed to relax and rest, or a brief inactivity from work or exertion.[[29]]
DLI argues in its brief, "employees may be subject to call during intermittent rest periods and paid meal breaks under [DLI] regulations and policy."[30] DLI further claims that a ruling to the contrary "would significantly change the way Labor and Industries interprets and enforces this law."[31]
The question is whether the Salvation Army requiring its workers to be on call during paid rest periods is consistent with WAC 296-126-092.
As we previously observed in this opinion, we may give weight to an administrative policy of an agency with expertise in a matter if the policy reflects that it has been thoroughly considered and is supported by valid reasoning.[32] We give weight to DLI's explanation of its policy here.
First, meal and rest periods are treated substantially the same by DLI. The specific requirements for each are listed under the same regulation, WAC 296-126-092. Subject to certain exceptions limited to meal periods, employers are required to pay workers for both of these periods. Minimum time periods for each are set forth in the regulation. And the regulations set times, subject to certain exceptions, when each type of period must occur during the workday.
Second, the underlying purpose for meal periods and rest periodsto provide relief to employees from "work or exertion"is the same for both. The regulation expressly contemplates that an employer may require a worker to act in the interest of the employer during meal periods, provided the worker is paid for that time. We see no persuasive basis for distinguishing between permitting a worker to act in the interest of an employer during meal periods and doing so during rest periods, provided the employee is paid and provided further the underlying purpose of the rest periodrelief from work or exertion is not compromised. Being on call in this case fits these criteria.
The record here provides an excellent example of why being on call is not inconsistent with being relieved from one's normal work duties. Workers on the graveyard shift were permitted to sleep. Workers on all shifts were also allowed to eat, rest, make personal telephone calls, attend to personal business that would not take them away from the facility, and close the door to the office in order to make themselves unavailable. In short, we accept as valid DLI's explanation of its policy that permits the workers in this case to be on call during paid rest periods. The workers are not entitled to additional compensation for these periods.
The workers contend they did not receive meal or rest periods in this case. Their declarations indicate that they were engaged "at all times" in work-related activities. While these common assertions in their declarations might be viewed as creating genuine issues of material fact, we do not believe they do in this case.
*996 Determination of whether a genuine issue of material fact exists requires that we construe evidence in the light most favorable to the non-moving party. But where reasonable persons would reach only one conclusion, a genuine issue of fact does not exist. In considering this record, we note that the activity logs that each of the workers in this case contemporaneously completed during the shifts that they worked indicate that the workers had time during their shifts when they were not actively engaged in work-related activities. The workers have not challenged the accuracy of those logs. Nor have they explained why we should disregard that evidence. Accordingly, with respect to those logs, there is no genuine issue of material fact that the workers had time sufficient for meal and rest periods. To the extent there may be other periods for which the workers claim they did not receive either meal periods or rest periods, they have the opportunity to establish that. But for purposes of the motion before us for review, there is no genuine issue of material fact as to those shifts for which there is evidence in the record showing that the workers received meal and rest periods.
Weeks is not controlling, despite the workers' arguments to the contrary. During an uncompensated lunch hour, the officers were required to stay within their assigned area and to be on call.[33]Weeks addressed the question of whether a lunch hour spent on call is compensable work, not the definition of what constitutes an acceptable rest period.[34]Weeks reaffirmed the definition of "hours worked" set forth in WAC 296-126-002(8).[35] But merely defining what constitutes "hours worked" does not answer the question of what is an acceptable rest period as contemplated in WAC 296-126-092. The Court determined that a lunch period during which officers were required to be on call qualified as work for which they should be compensated.[36]
The workers argue that by analogy this conclusion should be applied to rest periods. We disagree. Weeks turned on whether on call time should be compensated and it concluded that it should be. It did not decide the question of whether time spent on call but not otherwise engaged in work activities was a rest period in compliance with WAC 296-126-092.
The additional authority cited by the workers is neither binding on this court nor persuasive. It does nothing to clarify the workers' definition of a valid rest period.[37]
The workers direct our attention to federal Department of Labor regulations to support their position. None assist to clarify the precise issues before us. The regulations cited pertain to the question of what constitutes compensable work time, not what is an acceptable rest period.
The workers point to 29 CFR § 785.15 to support their position that periods of inactivity do not qualify as acceptable rest periods. But 29 CFR § 785.15 defines compensable on duty work time and does not purport to define or explain what constitutes an acceptable rest period.
Similarly, the workers' citation to 29 CFR § 785.16 is not helpful. This regulation only defines what is considered non-compensable "off duty" time and does nothing to clarify what a rest period is. The definition of "relief from duty" attributed to this regulation by the workers is not applicable here because the federal regulation is defining time when an employee is completely relieved from duty and not entitled to compensation.
29 CFR § 785.17 is also not helpful because it merely defines "on call" time on a job as compensable work time. Again, it does not clarify whether this on call time also qualifies as an acceptable rest period.
Also not helpful to the workers is 29 C.F.R. § 785.18, which states, "[r]est periods *997 of short duration, running from 5 minutes to about 20 minutes, are common in industry... They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time." The workers contend that the last sentence supports their position that waiting time or on call time cannot qualify as an acceptable rest period. The meaning or application of the statement is unclear and we find no case that construes this regulation in such a way as to support the workers' contention. Furthermore, the cases cited within the regulation do not support the proposition advanced by the workers.
Mitchell v. Greinetz,[38] one of the case cited, held only that rest periods during which the employee is unable to effectively use the time for his or her own benefit and which could be said to predominantly benefit the employer should be compensated.[39]Ballard v. Consolidated Steel Corp., Ltd.,[40] stands for the proposition that travel and reporting time from the time the plaintiffs checked in at the premises of the employer, ready for work, until they reported to their assigned posts was compensable work time.[41] The court noted that the employer would not be allowed to offset relief periods against the uncompensated reporting time to avoid compensating the employees for the additional, uncompensated reporting and travel time.[42] Neither of these cases, nor the federal regulation, resolves the question presented here.
Finally, the workers point to 29 CFR § 785.20 as supporting their argument. They are mistaken. It is merely an additional definition of compensable work time and does not comment on acceptable rest periods.
In short, the workers have failed to direct us to authority that supports their position that being on call cannot constitute a rest period under WAC 296-126-092. Furthermore, the workers confuse the definition of compensable work hours with the question of what constitutes a valid rest period.
We hold that the trial court's conclusion that on call time during which the workers were not engaged in specific work activities does not constitute the required meal or rest period was incorrect. Furthermore, we conclude that the intermittent breaks here were sufficient to constitute the rest and meal period required under WAC 296-126-092.
We do not reach the Salvation Army's alternate contention that coverage was available for the workers to be completely relieved of their on call status.

ATTORNEY FEES
The workers request that they be awarded attorney fees incurred in this appeal pursuant to RCW 49.52.070. The trial court did not award either party attorney fees. We deny their request.
RCW 49.52.070 states that an employer who violates the provisions of RCW 49.52.050(1) or (2) shall be liable for ... "costs of suit and a reasonable sum for attorney's fees." RCW 49.52.050(2) contemplates an employer who "wilfully [sic] and with intent to deprive the employee of any part of his wages, shall pay an employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract ..." WAC 296-126-092 qualifies as "any statute, ordinance, or contract" because substantive agency regulations have the force and effect of law.[43]
Here, no fees are warranted because the Salvation Army did not violate the provisions of WAC 296-126-092. Accordingly, the workers are not entitled to attorney fees.
We reverse the judgment.
BECKER, C.J., and SCHINDLER, J., concur.
NOTES
[1] We deny the Salvation Army's motion to strike certain documents and additional authorities filed by the workers.
[2] CR 56(c).
[3] Mains Farm Homeowners Ass'n v. Worthington, 121 Wash.2d 810, 813, 854 P.2d 1072 (1993).
[4] Hill v. Cox, 110 Wash.App. 394, 403, 41 P.3d 495, review denied, 147 Wash.2d 1024, 60 P.3d 92 (2002).
[5] RCW 43.22.270(4).
[6] (Italics ours.)
[7] The parties stipulated at oral argument that this policy, though issued on January 2, 2002, a date after the events at issue in this case, controls. This policy apparently replaces Interpretive Guideline ES-026. Based on those representations, we assume that the policy and guideline are the same for purposes of our analysis.
[8] Hunter v. University of Washington, 101 Wash. App. 283, 291-92, n. 3, 2 P.3d 1022 (2000), review denied, 142 Wash.2d 1021, 16 P.3d 1263 (2001) (quoting Plum Creek Timber Co. v. Washington State Forest Practices Appeals Bd., 99 Wash.App. 579, 588, 993 P.2d 287, 292 (2000)).
[9] Othello Community Hosp. v. Employment Sec. Dep't of State of Wash., 52 Wash.App. 592, 596, 762 P.2d 1149 (1988), review denied, 112 Wash.2d 1018 (1989) (citing Soriano v. United States, 494 F.2d 681 (9th Cir.1974)).
[10] Othello, 52 Wash.App. at 596, 762 P.2d 1149 (citations omitted).
[11] (Emphasis in original.)
[12] 96 Wash.2d 893, 897, 639 P.2d 732 (1982).
[13] Weeks, 96 Wash.2d at 894, 639 P.2d 732.
[14] Weeks, 96 Wash.2d at 897, 639 P.2d 732.
[15] Weeks, 96 Wash.2d at 900, 639 P.2d 732.
[16] Morgan v. Johnson, 137 Wash.2d 887, 891-92, 976 P.2d 619 (1999).
[17] State v. Keller, 98 Wash.App. 381, 383-84, 990 P.2d 423 (1999), cert. denied, 534 U.S. 1130, 122 S.Ct. 1070, 151 L.Ed.2d 972 (2002).
[18] State v. Akin, 77 Wash.App. 575, 580, 892 P.2d 774 (1995).
[19] (Italics ours.)
[20] 146 Wash.2d 841, 50 P.3d 256 (2002).
[21] Wingert, 146 Wash.2d at 848, 50 P.3d 256.
[22] 117 Wash.App. 618, 72 P.3d 772 (2003).
[23] Iverson, 72 P.3d at 773.
[24] Iverson, 72 P.3d at 773.
[25] Iverson, 72 P.3d at 774.
[26] (Italics ours.)
[27] (Emphasis in original.)
[28] (Emphasis in original.)
[29] (Emphasis in original.)
[30] Brief of Amicus Curiae Department of Labor and Industries at 1.
[31] Brief of Amicus Curiae Department of Labor and Industries at 1-2.
[32] Othello, 52 Wash.App. at 596, 762 P.2d 1149; American Federation of Government Employees v. Rumsfeld, 262 F.3d 649, 656 (7th Cir.2001).
[33] Weeks, 96 Wash.2d at 898, 639 P.2d 732.
[34] Weeks, 96 Wash.2d at 897, 639 P.2d 732.
[35] Weeks, 96 Wash.2d at 898, 639 P.2d 732.
[36] Weeks, 96 Wash.2d at 897, 639 P.2d 732.
[37] See, e.g., Alvarez v. IBP, Inc., 339 F.3d 894, 2003 WL 21788995 (9th Cir.2003) (time spent "donning and doffing" protective gear and "waiting and walking" constitutes compensable work).
[38] 235 F.2d 621, 61 A.L.R.2d 956 (10th Cir. 1956).
[39] Mitchell, 235 F.2d at 625.
[40] 61 F.Supp. 996 (S.D.Cal.1945).
[41] Ballard, 61 F.Supp. at 1002.
[42] Ballard, 61 F.Supp. at 1006.
[43] Wingert, 146 Wash.2d at 848, 50 P.3d 256 (citations omitted).