# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JERRY MULDER and SALLY MULDER, and their marital community, | No. 45667-2-II |
| Respondent, | |
| v. | |
| CABINET DISTRIBUTORS, INC., a Washington corporation, | UNPUBLISHED OPINION |
| Appellants. | |

LEE, J. — Cabinet Distributors, Inc. (CDI) appeals the trial court's order awarding Jerry and Sally Mulder (the Mulders) attorney fees. CDI argues that the contract for the purchase and installation of cabinets does not authorize attorney fees for the Mulders' claims. CDI also argues that if the contract does authorize attorney fees for the Mulders' claims, then the trial court erred by determining that the Mulders were the substantially prevailing party. The trial court erred by determining that the Mulders were the substantially prevailing party because even if the contract authorized an award of attorney fees, neither party substantially prevailed. Therefore, we reverse the trial court's order granting the Mulders' motion for attorney fees and remand for entry of an order denying both parties' motions for attorney fees.

## FACTS

In 2011, a jury returned a verdict in favor of the Mulders on their claim that CDI breached its contract by improperly installing cabinets. *Mulder v. Cabinet Distribs., Inc.*, noted at 173 Wn.

App. 1015, 2013 WL 509010. The jury also returned a verdict in favor of CDI for its counterclaim to collect past-due payments. *Id.* The jury awarded the Mulders damages in the amount of $7,600, and awarded CDI damages in the amount of $2,400. *Id.*

The Mulders moved for a new trial. *Id.* The trial court granted the motion for a new trial, and CDI appealed to this court. *Id.* On appeal, we reversed the trial court's order granting the Mulders' motion for a new trial. *Id.* We remanded for entry of judgment and a determination of whether an award of attorney fees was proper. *Id.*

On remand, both parties filed motions for attorney fees. CDI argued that the contract does not authorize an award of attorney fees to the Mulders for their causes of action. CDI also argues that even if the contract does authorize an award of attorney fees for the Mulders' action, CDI—not the Mulders—was the substantially prevailing party because CDI successfully defended the majority of the Mulders' claims. The Mulders did not offer authority or argument regarding whether the contract provision entitled them to attorney fees for their underlying causes of action. The Mulders argued that they were the substantially prevailing party because their net judgment was greater than CDI's net judgment.

On July 1, 2013, the trial court heard the parties' motions for attorney fees. Presumably, the trial court found that the contract authorized attorney fees to any action brought to enforce the contract because it applied RCW 4.84.330, which would only apply if the contract authorized attorney fees, but the record does not reveal any discussion or explicit finding. The trial court determined that the Mulders were the prevailing party and entitled to attorney fees through RCW 4.84.330 because the Mulders' net affirmative judgment was a greater dollar amount than CDI's judgment. The trial court explained its determination, "[W]hen you have a ball game, whether you

2

kick a field goal at the end or you beat them by 20 points, you prevailed." Verbatim Report of Proceedings (VRP) at 9. The trial court made an oral ruling awarding the Mulders attorney fees.

On August 8, the parties returned to present an order on judgment, but could not agree on an order for attorney fees. The trial court ordered the parties to either present an agreed final order, or receive CR 11 sanctions and fines. On September 5, an agreed order on judgment and attorney fees was filed. CDI appeals the trial court's order granting the Mulders attorney fees.

## ANALYSIS

CDI argues that the contract provision in the purchase agreement does not authorize attorney fees for the Mulders' claims because the provision is limited to authorizing attorney fees in collection actions. CDI also argues that even if the agreement authorizes attorney fees for the Mulders' claims, the trial court erred in determining that the Mulders were the substantially prevailing party. We agree that the trial court erred in determining that the Mulders were the substantially prevailing party. We reverse the trial court's order granting the Mulders' motion for attorney fees and remand for entry of an order denying both parties' motions for attorney fees.

Washington courts follow the "American Rule," where each party pays its own attorney fees unless an award is authorized by contract, statute, or a recognized ground in equity. *Dave Johnson Ins. Inc. v. Wright*, 167 Wn. App. 758, 783, 275 P.3d 339, *review denied*, 175 Wn.2d 1008 (2012). We review de novo whether a legal basis exists for awarding attorney fees by statute, under contract, or in equity; and, we review the reasonableness of the award for an abuse of discretion. *Cook v. Brateng*, 180 Wn. App. 368, 375, 321 P.3d 1255 (2014). A trial court abuses its discretion when its decision is unreasonable, based on untenable grounds, or made for untenable reasons. *Cook*, 180 Wn. App. at 375.

3

Here, the only basis for an award of attorney fees is the contract provision authorizing attorney fees. CDI argues that the under the plain language of the contract, the attorney fees provision limits the award of attorney fees to collection actions. Br. of Appellant at 11.

A.    THE CONTRACT

We review interpretation of contract provisions de novo and apply fundamental contract construction rules when interpreting a contract. *Viking Bank v. Firgrove Commons 3, LLC*, 183 Wn. App. 706, ___, 334 P.3d 116, 120 (2014); *Cambridge Townhomes, LLC v. Pac. Star Roofing, Inc.*, 166 Wn.2d 475, 487, 209 P.3d 863 (2009). A contract is construed to give controlling weight to the parties' intent, as expressed in the contract's plain language. *W. Plaza, LLC v. Tison*, 180 Wn. App. 17, 22, 322 P.3d 1 (2014) *review granted*, 336 P.3d 1165 (2014). We "give words in a contract their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent." *Viking Bank*, 334 P.3d at 120 (quoting *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 504, 115 P.3d 262 (2005)). "[W]e view the contract as a whole, interpreting particular language in the context of [the] other contract provisions." *Viking Bank*, 334 P.3d at 120.

The contract between CDI and the Mulders is titled: "KITCHEN & BATH PRODUCTS PURCHASE AGREEMENT." Clerk's Papers (CP) at 14. The contract provision that allows for attorney fees reads as follows:

> Late payments shall be subject to interest charges of 18% per annum, and in no event higher than the interest rate provided by law[.] In the event collection action or court proceedings are instituted to enforce this agreement or any portion thereof PURCHASER agrees to pay the cost of said collection and/or reasonable attorney fees and costs in addition to any sum due herein[.] The laws of the State of Washington govern this contract and venue of any dispute is placed in Grays Harbor

> County, Washington[.] CDI has retained National Revenue Corp. a collection agency, to manage any delinquent accounts[.]

CP at 15.[1]

CDI argues that the provision, read as a whole, applies only to collections actions. Specifically, CDI argues that the provision limits the recovery of attorney fees only to collections actions. CDI argues that although the provision contains the phrase "to enforce this agreement or any portion thereof," the use of the term "collection action" and other references to collections within the provision demonstrates that the provision as a whole applies solely to collections actions. Br. of Appellant at 12 (quoting CP at 15).

We disagree. The use of the word "collection" in the contract does not demonstrate an intent to limit the attorney fees provision to collection actions alone; especially when the phrase specifically authorizes attorney fees "to enforce this agreement or any portion thereof" without qualification. Because the contract authorizes an award of attorney fees to enforce the contract without qualification, the attorney fees provision applies to the underlying claims in this action.

Although the attorney fees provision unilaterally requires the Mulders to pay attorney fees,[2] under RCW 4.84.330, unilateral attorney fees provisions must be interpreted as bilateral. *Hawkins v. Diel*, 166 Wn. App. 1, 10, 269 P.3d 1049 (2011). When a unilateral attorney fees provision is

---

[1] The Clerk's Papers are underlined by hand, and the underlining has made the punctuation unclear.

[2] The Mulders do not offer argument or authority regarding whether the contract provision applies to all contract enforcement actions. Presumably, they assume that the attorney fees provision applies to all actions to enforce the contract because their argument focuses on whether RCW 4.84.330 authorizes attorney fees bilaterally to the prevailing party in a contract enforcement action where the contract unilaterally authorizes attorney fees.

interpreted as bilateral, attorney fees must be awarded to the prevailing party. *Hawkins*, 166 Wn. App. at 10. Here, neither party is the prevailing party because both parties had affirmative judgments entered against them. *See Eagle Point Condo. Owners Ass'n v. Coy*, 102 Wn. App. 697, 706, 9 P.3d 898 (2000); *Kyle v. Williams*, 139 Wn. App. 348, 356, 161 P.3d 1036 (2007), *review denied*, 163 Wn.2d 1028 (2008) (citing *Eagle Point*, 102 Wn. App. 697); *see also Wright*, 167 Wn. App. at 782-84. If neither party prevails entirely, "then the determination of who is a prevailing party depends upon who is the substantially prevailing party." *Riss v. Angel*, 131 Wn.2d 612, 633, 934 P.2d 669 (1997).

## B.    SUBSTANTIALLY PREVAILING PARTY

We review a determination of who is the substantially prevailing party de novo. *Hawkins*, 166 Wn. App. at 9-10. "The substantially prevailing party need not prevail on his or her entire claim." *Hawkins*, 166 Wn. App. at 10. Determining who is the substantially prevailing party depends on the relief granted. *Wright*, 167 Wn. App. at 783. If "both parties are awarded relief, the net affirmative judgment may determine the prevailing party." *Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 702, 915 P.2d 1146 (1996). However, the net affirmative judgment method may not be appropriate "in situations where a party receives an affirmative judgment on only a few claims." *Phillips*, 81 Wn. App. at 702.

If both parties are awarded "some measure of relief and there is no singularly prevailing party, neither party may be entitled to attorney fees" and both parties will pay their own costs and fees. *Phillips*, 81 Wn. App. at 702. For example, in *Hertz v. Riebe*, the plaintiffs succeeded on their breach of contract claim and the defendants succeeded on their collections claim. 86 Wn.

App. 102, 104-05, 936 P.2d 24 (1997). The court held that because both parties prevailed on major issues, neither party was entitled to attorney fees. *Hertz*, 86 Wn. App. at 105-06.

Here, both parties prevailed on major issues because CDI succeeded on its collection claim and the Mulders succeeded on one of their breach of contract claims. We determine that both parties prevailed on major issues and received affirmative relief, and neither party is entitled to attorney fees as the substantially prevailing party. *Hertz*, 86 Wn. App. at 105-06; *Phillips*, 81 Wn. App. at 702.

## ATTORNEY FEES AND SANCTIONS

When a contract provision authorizes attorney fees at trial, they are also available to the prevailing party on appeal. *Thompson v. Lennox*, 151 Wn. App. 479, 491, 212 P.3d 597 (2009). A party must "include a separate section in her or his brief devoted to the request" for appellate attorney fees. *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012), *review denied*, 175 Wn.2d 1016 (2012); RAP 18.1(b). This requirement is mandatory, and "requires more than a bald request for attorney fees on appeal." *Stiles*, 168 Wn. App. at 267.

The Mulders request attorney fees on appeal, but they are not the prevailing party and, therefore, are not entitled to attorney fees on appeal. Although CDI prevails in this appeal, we do not award appellate attorney fees. In CDI's first appeal to this court, we denied CDI's request for appellate attorney fees because its request was insufficient to meet the requirements of RAP 18.1.[3]

---

[3] CDI's attorney fees request in its opening appellate brief in its first appeal is as follows:

> Pursuant to RAP 18.1, CDI requests herein its reasonable attorney's fees and expenses based on the subject contract between plaintiffs and CDI and plaintiffs' continued assertions of their right to recover the same. Specifically, CDI

7

*Mulder v. Cabinet Distributors, Inc.*, 173 Wn. App. 1015. In its request for appellate attorney fees in this appeal, CDI provides the exact same language that we found insufficient in the first appeal.[4] "The law of the case doctrine provides that an appellate holding enunciating a principle of law must be followed in subsequent stages of the same litigation." *Cook*, 180 Wn. App. at 375. Therefore, under the law of the case doctrine, we again find that CDI has failed to supply citation or authority for appellate attorney fees.

CDI also requests sanctions against the Mulders under RAP 18.9 and 10.7 for violations of RAP 10.3. Under RAP 18.9 and RAP 10.7, we can impose sanctions on a party or counsel who files a brief that fails to comply with the rules for appellate briefing. *Iverson v. Snohomish County*, 117 Wn. App. 618, 624, 72 P.3d 772 (2003). CDI argues that the Mulders violated RAP 10.3 by failing to cite to the record for factual assertions. We decline to award sanctions under RAP 18.9 because the errors in the Mulders' briefing were not so egregious to warrant sanctions. *Iverson*, 117 Wn. App. at 624 (declining to award sanctions for failure to properly cite to the record).

---

requests its reasonable attorneys fees incurred in recovery of amounts due and owing under the subject contract, as alleged in CDI's counter-claim.

Br. of Appellant at 24 (No. 42457-6-II).

[4] CDI's attorney fees request in its opening appellate brief in this appeal is as follows:

Pursuant to RAP 18.1, CDI requests herein its reasonable attorney's fees and expenses based on the subject contract between plaintiffs and CDI and plaintiffs' continued assertions of their right to recover the same. Specifically, CDI requests its reasonable attorneys fees incurred in recovery of amounts due and owning under the subject contract, as alleged in CDI's counter-claim.

Br. of Appellant at 19.

No. 45667-2-II

We reverse the trial court's order granting the Mulders' motion for attorney fees and remand for entry of an order denying both parties' motions for attorney fees. We also deny both parties' attorney fees and costs on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Johanson, C.J.

_____
Maxa, J.